# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF CHRISTOPHER D. SULLIVAN, BAR NO. 8278

No. 79439

FILED

NOV 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Christopher D. Sullivan. Under the agreement, Sullivan admitted to violating RPC 1.15 (safekeeping property) and RPC 5.3 (responsibilities regarding nonlawyer assistants). He agreed to a six-month-and-one-day suspension, stayed for one year, subject to certain conditions.

Sullivan admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes that Sullivan violated RPC 1.15 by failing to timely remove trust funds earned by his law firm, by removing earned funds directly from the trust account without first placing them in a personal bank account, and by failing to timely pay liens for two personal injury clients. The record further establishes that Sullivan violated RPC 5.3 by failing to supervise a nonlawyer assistant, which allowed the assistant to falsify documents and checks in order to steal

19-46750

money from Sullivan's firm and clients. The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Sullivan admitted to knowingly violating the above-listed rules and causing injury and the potential for further injury to clients. The baseline sanction before considering aggravating and mitigating factors is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2018) (providing that suspension is appropriate when "a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). The record supports the panel's finding of one aggravating factor (prior disciplinary history) and six mitigating factors (absence of a dishonest or selfish motive, personal or emotional problems, timely good faith effort to make restitution or to rectify consequences of misconduct, full and free disclosure to the disciplinary authority or cooperative attitude toward the proceedings, interim rehabilitation, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Christopher Sullivan from the practice of law for six months and one day from the date of this

order, stayed for one year subject to the following conditions. Sullivan shall be on probation for one year from the date of this order, during which time he will employ, at his own expense, a qualified CPA, to be approved by the State Bar. That CPA will report to the State Bar as follows:

- Account Journal(s): The CPA will verify that Sullivan has records for his IOLTA or client trust accounts that track all deposits and disbursements through the account and associate each such transaction with a client. Sullivan will maintain account journal(s) independently from bank statements.

- Client Ledgers: The CPA will also verify that Sullivan has a ledger detailing every monetary transaction and the balance of monies held for each client. Sullivan will give an accounting to each client after every receipt of funds or any disbursement.

- Audit Trail: The CPA will verify that Sullivan keeps copies of all deposit slips, bank statements, checkbook stubs, cancelled checks, and client checks to create an audit trail relating to all transactions to or from a client trust account, including an audit trail for expenses billed to a client from Sullivan.

- Reconciliation: The CPA will reconcile Sullivan's Account Journal and Client Ledgers with the Audit Trail and bank statements monthly. The CPA will note any discrepancy between those documents.

- CPA Reports: The CPA will verify Sullivan's compliance with this agreement and report its findings from its reconciliations to the State Bar monthly with the first report due 30 days after the date of this order.

Sullivan shall, unless otherwise directed by the client or in the client agreement, make prompt disbursements from his clients' trust account. For a contingency fee, Sullivan will not withdraw his fees before paying the client and lienholders. Sullivan will promptly disburse settlement proceeds to the client and lienholders simultaneously with Sullivan's earned fees. For advanced fees and other matters, Sullivan will withdraw fees earned from the trust account for costs and expenses he paid for the client's benefit promptly upon incurring such costs and with supporting receipts or other proof of payment.

If bar counsel determines Sullivan has breached a term of the conditional guilty plea agreement or committed a separate violation of RPC 1.15 or RPC 5.3 during the probationary period, the parties shall follow the procedure outlined in the hearing panel's recommendation. If the hearing panel ultimately finds Sullivan committed a breach without justification, the panel shall terminate the conditional guilty plea agreement, remove the stay, and impose the six-month-and-one-day suspension.[1] Sullivan waives any right to have this court review the breach proceedings unless the panel's decision is arbitrary and capricious. Any future misconduct that triggers a breach hearing and sanction pursuant to this order shall not act as issue or claim preclusion against the Bar and may result in additional sanctions through a separate proceeding. Sullivan shall pay $2,721 in restitution to Alfred Wiley within 30 days from the date of this order or, if Wiley cannot be located, to the State Bar Client Security Fund. Finally, Sullivan shall

---

[1]If the stay is lifted and Sullivan is suspended, the parties must comply with SCR 115.

pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

cc:     Chair, Southern Nevada Disciplinary Board
        Lipson Neilson P.C.
        William B. Terry, Chartered
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.